IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HINDS INVESTMENTS, L.P., et al., <br><br>vs. <br><br>TEAM ENTERPRISES, INC., et al, <br><br>Defendants. _____/ <br><br>AND RELATED CROSS-ACTIONS AND <br><br>THIRD-PARTY ACTIONS. _____/ | CASE NO. CV F 07-0703 LJO GSA <br><br>**ORDER TO DENY ENTERTAINMENT OF PLAINTIFFS' F.R.Civ.P. 60(b) MOTION** <br>(Doc. 136.) |

Plaintiffs Hinds Investments, L.P. and Patricia MacLaughlin (collectively "plaintiffs") seek F.R.Civ.P. 60(b)(1) relief to file a proposed Third Amended Complaint (" proposed TAC") to add new factual allegations as to dismissed defendant Hoyt Corporation ("Hoyt") despite plaintiffs' pending appeal of Hoyt's dismissal.

This Court's April 22, 2010 dismissed with prejudice plaintiffs' hazardous substances clean up contribution claims against Hoyt alleged in plaintiffs' operative Second Amended Complaint. Plaintiffs filed an April 23, 2010 notice of appeal of judgment in Hoyt's favor, and the appeal remains pending before the Ninth Circuit Court of Appeals.

On July 7, 2010, plaintiffs filed their F.R.Civ.P. 60(b)(1) motion for relief of the judgment to file

1  the proposed TAC to allege new facts based on recent discovery of a potentially applicable Hoyt product
2  manual which suggests piping to an "open sewer" disposal of water from Hoyt's product.

3      "The filing of a notice of appeal generally divests the district court of jurisdiction over the
4  matters appealed." *Davis v. U.S.*, 667 F.2d 822, 824 (9th Cir. 1982) (vacating district court's order on
5  motion to amend complaint during pendency of appeal). In the Ninth Circuit, the general rule is that "the
6  filing of a notice of appeal divests the district court of jurisdiction to dispose of the motion after an
7  appeal has been taken, without remand from this court." *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir.
8  1984) (quoting *Long v. Bureau of Economic Analysis*, 646 F.2d 1310, 1318 (9th Cir. 1981)). "Because
9  the filing of a notice of appeal generally divests the district court of jurisdiction over matters appealed,"
10 a district court lacks power to amend its dismissal of an action. *Pro Sales, Inc. v. Texaco, U.S.A.*, 792
11 F.2d 1394, 1396, n. 1 (9th Cir. 1986).

12     "To seek Rule 60(b) relief during the pendency of an appeal, 'the proper procedure is to ask the
13 district court whether it wishes to entertain the motion, or to grant it, and then move this court [Ninth
14 Circuit], if appropriate, for remand of the case.'" *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir.
15 2004) (citations omitted). An "appellant may make a motion to the court of appeals for a remand if the
16 district court indicates an intention to grant the Rule 60(b) motion." A district court lacks jurisdiction
17 to address a post-appeal F.R.Civ.P. 60(b) motion "without remand" from the Ninth Circuit. *Smith v.*
18 *Lujan*, 588 F.2d 1304, 1307 (1979). "Because [petitioner] did not observe the procedure required to
19 revest the district court with jurisdiction to consider his Rule 60(b) motion, we conclude that the district
20 court's . . . order denying the motion is void for lack of jurisdiction." *Williams*, 384 F.3d at 586.

21     Plaintiffs' F.R.Civ.P. 60(b) motion is premature and beyond this Court's jurisdiction. Plaintiffs
22 do not follow the Ninth Circuit's procedure in that they essentially ask this Court to ignore the Ninth
23 Circuit's jurisdiction of the Hoyt dismissal and to grant them leave to file the proposed TAC. Plaintiffs
24 have not asked whether this Court will entertain the motion, they presume it will. Plaintiffs make no
25 reference to the Ninth Circuit's procedure despite their counsel's apparent knowledge of it.

26     The gist of plaintiffs' F.R.Civ.P. 60(b) motion is leave to amend their operative pleading. At this
27 stage, this Court's order to grant plaintiffs' requested relief would be void for lack of jurisdiction.
28 Putting aside the effect of the pending appeal, the grounds for amendment are suspect and questionable

to further support denial of plaintiffs' requested relief.

In the absence of this Court's jurisdiction, this Court will neither entertain nor grant plaintiffs' requested relief. Moreover, even upon limited remand from the Ninth Circuit, this Court is disinclined to grant plaintiffs' requested relief given futility of the proposed amendment. In other words, this Court is unconvinced that the proposed TAC would survive as to Hoyt.

Hoyt and the other parties need not respond to plaintiffs' F.R.Civ.P. 60(b) motion.

IT IS SO ORDERED.

**Dated:   July 8, 2010**                             **/s/ Lawrence J. O'Neill**
                                                                        UNITED STATES DISTRICT JUDGE